from the evidence, the original corners of Nelson's survey; and if they shall be able to do this satisfactorily, they will have little difficulty in tracing or running the lines connected with the corners. And this is the general rule as to corners and lines. If the original marked trees, or objects called for shall be proved, the jury will be governed by them, though they may vary materially from the courses and distances called for. The entry and survey of Nelson are prior in date to the entry and survey under which the defendants claim; and, of course, the subsequent entry and survey are controlled, even at law, so far as the survey is concerned, by the prior survey and patent.

But, if the corners claimed by the lessor of the plaintiff, and which are disputed, are not established by the evidence, the jury will locate the lessor of the plaintiff's claim, by beginning at the corner admitted, and running the courses and distances called for. And so, if a part of the disputed corners are established by the proof, in the opinion of the jury, and they can find no lines to control, the boundary must be established by running the courses and distances called for, so as to include the established points. But, no other deviation from the courses and distances called for, can be made, unless controlled by objects called for in the original survey.

With these general principles the jury will take the case, and after looking into the mass of the evidence, will apply the rule stated.

The jury found the lines of Nelson, as originally run established, except one, and they closed the survey by running the courses called for, so as to connect the two courses. Judgment, &c.

NELSON (HAUPTMAN v.). See Case No. 6,225.

## Case No. 10,108.

### NELSON v. The HERCULES.

[4 Law, Rep. 22.]

District Court, D. Massachusetts. March, 1841.

JOINDER OF SEAMEN IN SUITS FOR WAGES.

Libel by a seaman for wages on board the ship Hercules. The act of congress of 1790, c. 56, § 6, provides that in suits by seamen for wages, all the seamen (having cause of complaint of the like kind against the same vessel) shall be joined as complainants. In this case, the libellant was the only one of the crew in port, and brought his suit alone.

Mr. Bolles, for respondents, moved the court to add the names of the rest of the crew to the libel, that they might be concluded by the decree, and offered evidence to show that they had the same cause of action, in all respects, with the libellant. This would answer the object of the statute, which was to save the expense and trouble of several suits.

R. H. Dana, Jr., for libellant, contended that the statute applied only to cases where suits were actually commenced, and that absent parties could not be prevented from showing that their cause of action was different, and should not be concluded as to their claims by a trial upon evidence different from that which they might be able to produce.

DAVIS, Judge. The court has no power to make parties to the libel. The statute only requires the consolidating of several suits, when actually brought upon what is evidently the same cause of action.

NELSON (HERRING v.). See Case No. 6,-424.

NELSON (LATHROP v.). See Case No. 8,-111.

## Case No. 10,109.

### NELSON v. McMANN et al.

[16 Blatchf. 139; 4 Ban. & A. 203; 16 O. G. 761.] [1]

Circuit Court, S. D. New York. April 2, 1879.

PATENTS—SUIT BY LICENSEE FOR INFRINGEMENT—JOINDER OF OWNER OF LEGAL TITLE WHAT IS LICENSE.

1. A mere licensee under a patent cannot sue, in equity. for the infringement of his rights under the patent. without joining with him, as plaintiff, the owner of the legal title, and such owner is, in such case, a proper party.

[Cited in Gordon v. Anthony, Case No. 5,605; Wilson v. Chickering, 14 Fed. 918; Bogart v. Hinds, 25 Fed. 485; Cottle v. Krementz, Id. 495; Blair v. Lippincott Glass Co., 52 Fed. 227.]

2. What constitutes a mere license, defined. The instrument under which the plaintiff in this case claimed his rights, held to be only a license.

Stephen D. Law and A. B. Malcomson, Jr., for plaintiff.

Thomas William Clarke and William T. Graff, for defendants.

BLATCHFORD, Circuit Judge. The bill in this case is founded on reissued letters patent of the United States, granted to Nathaniel Jenkins, August 3d, 1869, for an "elastic packing for joints and valves exposed to destructive fluids." The original patent was granted to Jenkins, May 8th, 1866. The specification of the reissued patent describes the new packing as "an elastic packing, of indestructible properties, to a valve, joint or aperture through which a destructive fluid is to pass, such as steam of any kind, hot water, kerosene or other coal oil, hot or cold." The bill alleges, that Jenkins, by an instrument in writing, dated February 1st, 1870, assigned and conveyed to the plaintiff "the exclusive right and license, within the states

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge. and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here republished by permission.]